CAUSE NO. 2019-102-CCL2

| | | |
|---|---|---|
| JOHNNY BRESHEARS and | § | IN THE DISTRICT COURT |
| LORI STROUD, individually and | § | |
| as next friend of T▇▇▇ G▇▇▇ and | § | |
| A▇▇ G▇▇▇, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| CONOCOPHILLIPS, | § | |
| THE VANGUARD GROUP, INC., | § | |
| VANGUARD FIDUCIARY TRUST | § | |
| COMPANY, and THE PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| FLOYD GILMAN, JR., | § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Johnny Breshears and Lori Stroud, individually and as next friend of T▇▇ G▇▇ and A▇▇ G▇▇, who file this Original Petition against ConocoPhillips, The Vanguard Group, Inc., Vanguard Fiduciary Trust Company, and the Personal Representative of the Estate of Floyd Gilman, Jr., Defendants. Plaintiffs respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 as provided by Texas Rule of Civil Procedure 190.4.

## II.
## STATEMENT OF RELIEF SOUGHT

2. Plaintiffs seek declaratory relief and monetary relief over $200,000 but not more than $1,000,000.

## III.
## PARTIES

3. Johnny Breshears ("Johnny"), Plaintiff, is an individual residing in Buffalo, Missouri.

4. Lori Stroud, f/k/a Lori Gattis ("Lori"), Plaintiff, is an individual residing in Gregg County, Texas.

5. T▬ G▬ ("T▬"), Plaintiff, is a minor residing in Gregg County, Texas who sues through her mother, Lori, as next friend.

6. A▬ G▬ ("A▬"), Plaintiff, is a minor residing in Gregg County, Texas who sues through his mother, Lori, as next friend.

7. ConocoPhillips ("Conoco"), Defendant, is a Delaware corporation with its principal office at 600 North Dairy Ashford, Houston, Harris County, Texas 77079. ConocoPhillips may be served with process through its Senior Vice President and General Counsel, Kelly B. Rose, at 600 North Dairy Ashford, Houston, Harris County, Texas 77079.

8. The Vanguard Group, Inc. ("Vanguard"), Defendant, is a Pennsylvania corporation with its principal office at 100 Vanguard Boulevard, Malvern, Pennsylvania 19355. Vaguard may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Vanguard Fiduciary Trust Company ("Vanguard Trust"), Defendant, is a Pennsylvania corporation with its principal office at 100 Vanguard Boulevard, Malvern, Pennsylvania 19355. At all pertinent times, and as described below, Vanguard Trust has engaged in business in Texas. Vanguard Trust does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made in this action. Accordingly, Vanguard Trust may be cited by serving the Texas Secretary of State provided that the citation and petition are forwarded to Vanguard Trust's home office address, 100 Vanguard Boulevard, Malvern, Pennsylvania 19355 by certified mail, return receipt requested.

10. The Personal Representative of the Estate of Floyd Gilman, Jr., Defendant, has not yet been appointed by a court of competent jurisdiction in the proper county of Oklahoma, where Floyd Gilman, Jr. resided upon his death. Plaintiffs will apply for an administration of the

Estate of Floyd Gilman, Jr. and request such court to appoint a personal representative, who may be served with process and thereafter appear on behalf of such estate.

## IV.
## JURISDICTION AND VENUE

11. This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of this Court and because Plaintiffs seek declaratory relief.

12. This Court has personal jurisdiction over Vanguard and Vanguard Trust because they each have sufficient, purposeful contacts with—and a substantial connection to—Texas and Plaintiffs' claims arise out of those contacts. Vanguard and Vanguard Trust purposefully availed themselves of the privilege of conducting business in Texas, thereby invoking the benefits and protections of Texas law.

13. This Court has personal jurisdiction over Floyd Gilman, Jr., his estate, and his personal representative because Floyd Gilman, Jr. had sufficient, purposeful contacts with—and a substantial connection to—Texas and Plaintiffs' claims arise out of those contacts. Floyd Gilman, Jr. purposefully availed himself of the privilege of conducting business in Texas, thereby invoking the benefits and protections of Texas law.

14. Under Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Gregg County, Texas because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred. Under Tex. Civ. Prac. & Rem. Code § 15.005, this Court has venue of all the Defendants because Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

## V.
## FACTS

15. This is a dispute over the proper beneficiary of a decedent's retirement fund. Tommy Breshears ("Tommy") was a career employee of Conoco who participated in the company's retirement plan and accumulated a substantial balance in his plan account (the "Account").

16. The retirement plan was formerly known as the Thrift Plan for Employees of Conoco Inc. which, upon information and belief, merged into the ConocoPhillips Savings Plan (collectively, the "Plan"). Upon information and belief, Conoco administers the Plan;

Vanguard Trust serves as trustee and holds all assets in the Plan, including the assets in the Account; and Vanguard serves as the records custodian for the Plan.

17. Tommy retired from Conoco in 2002 and died in 2012. At all pertinent times, Tommy resided in Texas. Tommy was married to Verna M. Breshears ("Verna") and they had two children, Lori and Johnny. Verna was Tommy's beneficiary under the Plan and, upon Tommy's death in 2012, Verna became the owner of his Account.

18. In 2013, Verna designated her children, Lori and Johnny, and her grandchildren, T▇▇ and A▇▇, as her beneficiaries under the Plan as follows:

    Lori – 40%
    Johnny – 40%
    T▇▇ – 10%
    A▇▇ – 10%

19. In 2015, Verna married Floyd Gilman, Jr. ("Floyd"). Verna passed away in June 2018.

20. According to Conoco and Vanguard, Verna's marriage to Floyd voided her prior beneficiary designations under the Plan and automatically made Floyd her beneficiary—contrary to Verna's stated intent in her beneficiary designations.

21. Acknowledging the problem, on August 18, 2018, Floyd signed a disclaimer of any rights to the Plan and the Account (the "Disclaimer") so that Verna's intent would be honored. Floyd reaffirmed his disclaimer on September 29, 2018 by signing an assignment of all of his interest in the Plan and the Account to Lori and Johnny (the "Assignment"). Floyd passed away in October 2018.

22. Although Conoco, Vanguard, and Vanguard Trust have received the Disclaimer and Assignment, they refuse to transfer the Account to Plaintiffs because they claim Floyd may have lacked capacity when he executed those documents.

# VI.
# CAUSES OF ACTION

A.    <u>Declaratory Judgment</u>

23. Plaintiffs seek a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code. Plaintiffs request the Court to determine and declare the parties' rights, status, and legal relations concerning the Account. Specifically, Plaintiffs request the Court to declare that the Disclaimer was valid and effective and that Plaintiffs own 100% of the Account in the following shares:

> Lori – 40%
> Johnny – 40%
> T▆▆▆ – 10%
> A▆▆▆ – 10%

Alternatively, if the Court finds that the Disclaimer was not valid and effective, Plaintiffs request the Court to declare that the Assignment was valid and effective and that Plaintiffs own 100% of the Account in the shares listed above.

B.    <u>Money Had and Received</u>

24. Plaintiffs bring a claim for money had and received. Defendants hold money—i.e., the funds in the Account—that, in equity and good conscience, belongs to Plaintiffs, in the following shares:

> Lori – 40%
> Johnny – 40%
> T▆▆▆ – 10%
> A▆▆▆ – 10%

Plaintiffs request the Court to order Defendants to transfer the Account to Plaintiffs in the above-described shares.

## VII.
## ATTORNEY'S FEES

25. Under Tex. Civ. Prac. & Rem. Code 37.009, Plaintiffs are entitled to recover their costs and reasonable and necessary attorney's fees through trial and appeal. Such an award would be equitable and just.

## VIII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## IX.
## REQUESTS FOR DISCLOSURE

27. Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request each Defendant to disclose, within 50 days of service of this request, the information and material described in Rule 194.2.

## X.
## RELIEF AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

A. All actual damages and declaratory relief described in this petition;

B. Court costs and reasonable and necessary attorney's fees;

C. Pre- and post-judgment interest at the maximum legal rate; and

D. Such other and further relief, in law and in equity, to which Plaintiffs are justly entitled.

        Respectfully submitted,

*/s/ Brett F. Miller*

Brett F. Miller
State Bar No. 24065750
bmiller@wsfirm.com
**WARD, SMITH & HILL, PLLC**
P. O. Box 1231
Longview, Texas 75606
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEY FOR PLAINTIFFS**